UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD E. KNOX,

        Plaintiff,

v.

TROTT & TROTT, P.C,, a Michigan corporation, DIRECT LENDING, INC., a Delaware corporation, AURORA LOAN SERVICES, LLC, a Florida limited liability company, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, and LEHMAN BROTHERS,

        Defendants.

_____/

CIVIL CASE NO. 10-13175
HON. MARIANNE O. BATTANI

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Chad E. Knox's Motion for Reconsideration (Doc. No. 33). The Court has reviewed the relevant filings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, Plaintiff's motion is **DENIED**.

**I. PROCEDURAL BACKGROUND**

After the Court granted dispositive motions filed by all Defendants and entered Judgment for Defendants in this case, Plaintiff filed a motion for reconsideration under Rule 60(b)(3) and (4). Knox maintains that the Court erred in rejecting his argument that Defendants lacked standing under MICH. COMP. LAWS § 600.3204(1)(d) to foreclose on his property. Although Plaintiff raises a decision by the Michigan Court of Appeals,

Residential Funding Co., LLC v. Gerald Saurman, Nos. 290248, 291443, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011), as the basis for reconsideration, he also attacks the conduct of mortgage bankers, Wall Street, which occurred at the expense of distressed homeowners.  (See e.g. Doc. No. 38.)

## II.  STANDARD OF REVIEW

Under the local rules, a motion for reconsideration must be filed within fourteen days of the entry of the order being challenged.  E.D. Mich. L.R. 7.1(h)(1).  Plaintiff's motion, which was filed after the deadline, seeks relief under Rule 60(b).  Rule 60 does not impose the fourteen day time requirement; it merely requires that a Rule 60(b) motion be made "within a reasonable time" and that a motion under Rule 60(b)(3) be made no more than a year after the entry of the challenged order.  FED. R. CIV. P. 60(c)(1).  Here, Plaintiff brought the motion within a reasonable time.

The rule provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for fraud (Rule 60(b)(3)) or when the judgment is void (Rule 60(b)(4)).  FED. R. CIV. P. 60(b)(3), (4).  Accordingly, the Court addresses the merits of the arguments relating to these subsections of Rule 60(b).

## III.  ANALYSIS

### A.  Rule 60(b)(3)

In this circuit when evaluating a Rule 60(b)(3) motion, courts deem fraud to be "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment."

Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 455 (6th Cir. 2008) (citation omitted).  Plaintiff bases his request for relief on the Residential Funding decision.

The Residential Funding case, which was decided the same day that this Court issued its decision, dealt with a narrow issue–whether the Mortgage Electronic Registration Systems, Inc. (MERS) could foreclose by advertisement or whether it must use judicial process.  In reaching its holding that MERS lacked authority to foreclose by advertisement, the Residential Funding Court began its analysis with the language of the statute governing foreclosure by advertisement.  To avail itself of the statute, "[t]he party foreclosing the mortgage" must be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  MICH. COMP. LAWS § 600.3204(1)(d).  The parties before the court agreed that MERS neither owned the indebtedness nor acted as the servicing agent of the mortgage.  Therefore, absent a showing by MERS that it owned "an interest in the indebtedness secured by the mortgage," it lacked authority under the statute to foreclose by advertisement.  MICH. COMP. LAWS § 600.3204(1)(d).

Consequently, the state appellate court next considered what being the "owner. . .of an interest in the indebtedness secured by the mortgage" requires.  Ultimately it reasoned that although MERS had "an interest in the property as security for the note," which was not the same as an interest in the note itself.  Id. at *9.  Therefore, the statute provided no basis for MERS to foreclose under it.

It is well settled that in a case before a federal court on diversity jurisdiction, state law is applied to resolve the dispute.  Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 517 (6th Cir. 2003).  Here, Michigan's highest court has not directly addressed the issue

3

raised by Plaintiff.  Consequently, the court's duty in resolving the dispute is to make the "best prediction" of how the Michigan Supreme Court would decide the issue. Combs v. Int'l Ins. Co., 354 F.3d 568, 577 (6th Cir. 2004) (citation omitted).  In rendering the prediction, this Court looks to the decisions of the appellate court; however, if it is convinced that the highest court would decide the issue differently, it may disregard the decision of a state appellate court, even when is "on point."  Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1140 (6th Cir. 1986).

The is not a case wherein the appellate court decision is on point.  Here, MERS was not the foreclosing entity.  Therefore, its status as defendant in the litigation before this Court falls outside the parameters of the issue resolved in Residential Funding. Plaintiff has made no showing of fraud.

Instead, Plaintiff asks the Court to use the state appellate decision as a springboard for holding a MERS mortgage is void at its inception.  This the Court declines to do for the reasons discussed in its Opinion and Order Granting Defendants' Motions.  Moreover, the appellate panel noted that MERS could assign its security interest before foreclosure, which is what happened in this case.

The Court likewise declines to discuss those arguments previously presented by Plaintiff either in previous pleadings or at oral argument.  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."  Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).  Nor does it allow a defeated litigant to recycle the arguments previously raised.  In sum, the Court finds no basis for granting Plaintiff relief under Rule 60(b)(3).

**B. Rule 60(b)(4)**

As to subsection (4), Knox argues that the judgment entered for Defendants was rendered void because it is now in direct conflict with the Michigan appellate decision. The Court disagrees.

First and foremost, there is no direct conflict. Secondly, even if the Court's judgment were "in direct conflict with" state court precedent, the conflict does not render a judgment void. The validity of a court order or judgment depends on the court having jurisdiction over the subject matter and the parties. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2862 (2d 1995). Knox has advanced no authority to support his position that the judgment is void, and there is no basis for relief under Rule 60(b)(4).

**IV. CONCLUSION**

For the reasons stated, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 10, 2011


**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER